IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )
   )
          v.   )   Criminal No. 09-42
   )
ANTHONY J. STAPH, JR.   )
NICHOLAS DeROSA   )


O P I N I O N

DIAMOND, D.J.

On July 14, 2009, a grand jury returned a four-count superseding indictment naming as defendants Anthony J. Staph, Jr., and Nicholas DeRosa.[1] Count One charges both defendants with bank fraud. Counts Two and Three charge only DeRosa with mail fraud, and Count Four charges only DeRosa with a conspiracy to commit money laundering.

Currently pending before the court are several pretrial motions filed by the defendants. Staph has filed a motion to dismiss Count One, or, in the alternative, to sever defendants, and a motion for discovery. DeRosa has filed a motion to compel the government to provide a statement of uncharged misconduct evidence and a motion to dismiss Count Four, or, in the alternative, to sever or to bifurcate trial.

_____

[1] The original one-count indictment in this case charged Staph only with bank fraud.

The government has filed a consolidated response to all of the pretrial motions, and both defendants have filed reply briefs. All of the motions now are ripe for adjudication.

### 1) **Staph's Motion to Dismiss or to Sever (Doc. # 61)**

Staph's motion seeks dismissal of Count One of the superseding indictment on two grounds. First, Staph argues that Count One fails to state an offense against him because it lacks sufficient allegations to tie him to the same scheme to defraud perpetrated by DeRosa. Second, he contends that Count One is duplicitous because it improperly charges two separate and unrelated schemes to defraud in a single count.[2]

Count One of the superseding indictment charges DeRosa and Staph with bank fraud in violation of 18 U.S.C. §1344(1). It alleges that from June of 2005 to December of 2005, DeRosa, Staph and other individuals "did knowingly execute and attempt to execute a scheme and artifice to defraud First Commonwealth Bank." In essence, the overall scheme involved the sale of certain properties owned by DeRosa, or family members or friends of DeRosa, to Affordable Housing of Lawrence County, Inc. ("AHLC"), at inflated prices with kickbacks then going to DeRosa. As part of the scheme, AHLC applied for a loan from First Commonwealth Bank to purchase the properties in question.

---

[2] DeRosa joins in this aspect of Staph's motion to dismiss.

2

As part of that overall scheme, paragraph 16 alleges that Staph prepared false appraisals for properties that were to serve as collateral for AHLC's loan from First Commonwealth Bank. These appraisals contained misrepresentations about the value and condition of the properties and as to whether the properties were occupied. Based in part on the false representations and pretenses and fraudulent documents, First Commonwealth Bank approved the loan to AHLC.

The court first will address defendant's argument that Count One should be dismissed for failure to state an offense against him. Specifically, Staph contends that Count One contains no allegations that Staph participated in the overall scheme perpetrated by DeRosa and others with knowledge of its fraudulent nature and with the intent to achieve its illicit objectives. Because Count One charges individual and independent misrepresentations by Staph which are insufficient to permit an inference that Staph knowingly agreed to join in the overall scheme, Staph argues that Count One should be dismissed.

In considering a defense motion to dismiss an indictment, a district court is to accept as true all factual allegations set forth in the indictment. United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990). An indictment that fails to charge all essential elements of a crime must be dismissed. United States v. Cochran, 17 F.3d 56, 57 (3d Cir. 1994).

3

In this case, Staph has been charged in Count One with bank fraud. The federal bank fraud statute makes it a crime to "knowingly execute[s], or attempt[s] to execute, a scheme or artifice --(1) to defraud a financial institution ..." 18 U.S.C. §1344(1). This section is broad and includes any scheme to defraud a federally insured financial institution. United States v. Jiminez, 513 F.3d 62, 72 (3d Cir. 2008).

Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to be "a plain, concise, and definite written statement of the facts constituting the offense charged ...." An indictment's "primary office" is "to inform the defendant of the nature of the accusation against him." Russell v. United States, 369 U.S. 749 (1962). Id. at 205. This is accomplished by identifying the law that is alleged to have been violated and including factual allegations that sufficiently apprise the defendant of the offending conduct. Id.

An indictment is sufficient so long as it: (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be prepared to meet; and, (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution. United States v. Saybolt, 577 F.3d 195, 204-05 (3d Cir. 2009).

4

In charging an offense, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)(quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir.1989)). Accordingly, an indictment may "set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" United States v. Cefaratti, 221 F.3d 502, 507 (3d Cir. 2000) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

Here, the court is satisfied that Count One is sufficient to charge Staph with the offense of bank fraud. The count identifies §1344(1) as the law alleged to have been violated and sets forth all of the essential elements of the offense sufficiently to apprise Staph of the offending conduct. Specifically, Count One tracks the statutory language and charges that Staph, and others, "did knowingly execute and attempt to execute a scheme and artifice to defraud First Commonwealth Bank," then sets forth at paragraph 16 the role played by Staph in the execution of the scheme - the preparation of appraisals for the subject property that "he then knew were false and fraudulent in that they

5

contained misrepresentations." Count One further alleges at paragraph 17 that the bank "approved the loan to AHLC based, in part, on the false representations and pretenses, and fraudulent documents, referred to above."

Accepting all of the factual allegations as true, the court is satisfied that Count One of the superseding indictment, which tracks the statutory language of §1344(1), sets forth, without any uncertainty or ambiguity, all of the elements of bank fraud against Staph sufficiently to enable him to prepare his defense and to ensure that he will not be prosecuted twice for the same offense.

Staph argues that the indictment is facially defective because it fails to "establish" the necessary element that Staph knowingly participated in the overall scheme orchestrated by DeRosa. In support he relies upon several cases under the similar mail fraud statute in which courts reversed convictions either in the absence of proof that the defendant knowingly participated in the broader fraudulent scheme, or for faulty jury instructions on the knowledge element. See United States v. Dobson, 419 F.3d 231 (3d Cir. 2005) (jury instruction on knowledge element did not convey requirement that jury had to find defendant knew of fraudulent scheme); United States v. Pearlstein, 576 F.2d 531 (3d Cir. 1976) (insufficient evidence to sustain mail fraud convictions where no inference of culpable participation in

%AO 72
(Rev. 8/82)

overall fraudulent scheme); <u>United States v. Klein</u>, 515 F.2d 751 (3d Cir. 1975) (insufficient evidence to sustain mail fraud conviction).

However, none of the foregoing cases involved the sufficiency of the indictment. Rather, all addressed issues relating to the sufficiency of the evidence to prove the charged offenses. The government is not required to prove its case in the indictment. Only when an indictment fails to charge all essential elements of a crime must it be dismissed. <u>Cochran</u>, 17 F.3d at 57. Thus, while dismissal of an indictment is authorized if its allegations do not suffice to <u>charge</u> an offense, such dismissals may not be predicated upon the insufficiency of the evidence to <u>prove</u> the indictment's charges. <u>United States v. DeLaurentis</u>, 230 F.3d 659, 661 (3d Cir. 2000).

Here, the government sufficiently charged that Staph and DeRosa knowingly executed a scheme to defraud First Commonwealth Bank (¶ 7) and that as part of that scheme Staph prepared appraisals that he knew were false and fraudulent and which contained misrepresentations (¶ 16). Whether or not the government can establish that Staph knowingly participated in DeRosa's overarching scheme is a matter for the jury.

Likewise, the court is not persuaded by Staph's argument that Count One should be dismissed because it fails to allege an act in execution of the bank fraud scheme which all of the defendants

7

knowingly committed or abetted. Staph cites no case law from this circuit specifically requiring such an allegation, but instead submits as exhibits to his reply brief examples of an indictment and an information filed in this district by another Assistant United States Attorney which Staph contends were properly filed in that they contained a separate heading explicitly stating "execution of the scheme and artifice."

To violate 18 U.S.C. §1344(1), a defendant must execute, or attempt to execute, a scheme or artifice to defraud a financial institution with the intent to defraud that institution. <u>United States v. Thomas</u>, 315 F.3d 190, 195-196 (3d Cir. 2002). The execution of a scheme to defraud a financial institution is shown by proof of the existence of the scheme to defraud and proof that the defendant knowingly, willfully and with intent to defraud executed that scheme or aided and abetted others in doing so. <u>See United States v. Goldblatt</u>, 813 F.2d 619, 624 (3d Cir. 1987).

As discussed above, Count One of the superseding indictment alleges all of those elements and is sufficient to apprise Staph of his offending conduct. That is all that is necessary. The fact that other prosecutors may charge it differently by expressly alleging under a separate heading the "execution of the scheme" does not alter the fact that the superseding indictment in this case meets the minimum requirements to withstand a sufficiency challenge.

8

Moreover, a single scheme to defraud can consist of multiple events and the government is only required to show that the scheme was executed, or attempted, once.[3]  See United States v. Clark, 208 Fed. Appx. 137, 141 (3d Cir. 2006)(where government's theory was that 17 separate withdrawals, or attempts to withdraw, by two separate individuals were part of an overall scheme to defraud the bank, the government needed only to show that defendant executed, or attempted to execute, the scheme once).  Which brings us to Staph's second argument for dismissal.

Staph next argues that Count One is duplicitous in that it charges two separate schemes to defraud: one involving DeRosa and others in selecting properties, inflating prices and arranging kickbacks, and concealing their actions from both First Commonwealth Bank and AHLC, and a second involving Staph's inflated appraisals, which were prepared "without the assistance or knowledge" of DeRosa or any of the others "and without any evidence of any intent to benefit them."  The government's theory, however, is that there was but a single overall scheme to defraud First Commonwealth Bank orchestrated by DeRosa and that Staph's appraisals were an integral part of that single overall scheme.

---

[3]  The government need not prove each transaction in order to prove a unified scheme, and each transaction or event is only evidence of the execution, or attempted execution, of a scheme directed against a financial institution.  See United States v. Hinton, 127 F. Supp. 548, 555-56 (D.N.J. 2000).

9

Duplicity is the improper joining of distinct and separate offenses in a single count, and an impermissibly duplicitous indictment is subject to dismissal. United States v. Rigas, 605 F.3d 194, 210 (3d Cir. 2010). In a fraud case such as this one, the court must determine "the breadth of the fraudulent activity alleged in the count" and must then determine "whether [the fraudulent activities] all fall[ ] within one unitary 'scheme to defraud.'" United States v. Sourlis, 953 F. Supp. 568, 574 (D.N.J. 1996)(quoting United States v. Mastelotto, 717 F.2d 1238, 1244 (9th Cir. 1983)). To determine whether a count is duplicitous, the court first must ascertain the allowable unit of prosecution to determine whether the indictment properly charges a violation of the pertinent statute. United States v. Root, 585 F.3d 145, 150 (3d Cir. 2009).

In deciding how an offense should be charged, the court must look to the statute to see what the substantive offense is. United States v. Haddy, 134 F.3d542, 548 (3d Cir. 1998). To commit the offense of bank fraud, the defendant must execute, or attempt to execute, a scheme or artifice to defraud a financial institution. 18 U.S.C. §1344(1). Because, as Staph correctly notes, the offense is the execution of the scheme, not the scheme itself, the law in this circuit is that each attempt to execute a scheme can be charged separately. Clark, 208 Fed. Appx. at 141.

10

However, the duplicity inquiry does not end there. Rather, the court must determine whether each attempt must be charged separately, and to do that, the court must examine the policy considerations underlying the prohibition against duplicity, which are: (1) avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another; (2) avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged; (3) assuring the defendant adequate notice; (4) providing the basis for appropriate sentencing; and, (5) protecting against double jeopardy in a subsequent prosecution. Root, 585 F.3d at 154. "The identification of these considerations suggests that a single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant." Id. at 155.

The court does not find any of these policy considerations to be implicated here. As noted, the government's theory in this case is that Staph's false appraisals were part of a single overall scheme, orchestrated by DeRosa, to defraud First Commonwealth Bank. Under these circumstances, it was appropriate for the government to charge only one count of bank fraud, alleging that Staph took part in the fraudulent scheme that was executed at least once. Clark, 208 Fed. Appx. at 141. Moreover,

11

the fact that Staph may not even have been aware of a larger scheme, or the participation of others in it, is not relevant to an allegation of a common scheme of bank fraud. See United States v. Brown, 894 F. Supp. 1150, 1155 (N.D. Ill. 1995) (indictment not impermissibly duplicitous even though many of alleged co-schemers were unaware of existence of larger scheme, where scheme was unified by presence of one defendant).

The court is satisfied that even if the government could have charged two separate bank fraud schemes, one involving Staph and the other involving DeRosa and the others, it was not required to do so in light of the policy considerations underlying the duplicity doctrine. There is no danger that Staph could be found guilty of one crime but not another, and any minimal risk that the jury may not be unanimous at to at least one execution or attempted execution of the scheme can be cured by an appropriate jury instruction. Furthermore, Staph clearly is on notice that the government is alleging multiple facets to a single scheme, and the court sees no possible double jeopardy or sentencing concerns.

Because the government was not required by statute to charge two separate schemes and Staph has not established any risk of unfairness, the court concludes that Count One of the superseding indictment is not impermissibly duplicitous. Accordingly, Staph's motion to dismiss Count One will be denied.

12

Having found no basis to dismiss Count One, the court next will turn to Staph's alternative request that his trial be severed from that of DeRosa. Staph seeks severance on two grounds. First, he alleges improper joinder of defendants under Fed. R. Crim. P. 8(b). Second, should the court find that joinder was proper under Rule 8(b), Staph requests severance under Fed. R. Crim. P. 14 based on prejudicial joinder.

Multiple defendants may be joined in a single indictment pursuant to Fed.R.Crim.P. 8(b), which provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8(b).

Staph alleges that joinder was not proper under Rule 8(b) due to the absence of some common activity, encompassing all of the charged offenses, binding Staph to DeRosa or to the other participants. Instead, he argues that the scheme set forth against him in Count One, stands on its own apart from the mail fraud charges against DeRosa set forth at Counts Two and Three and the conspiracy to commit money laundering charge against DeRosa set forth at Count Four.

13

Rule 8(b) requires a transactional nexus before joinder of defendants in a multiple-defendant trial is proper in that the defendants must have participated in the same act or transaction, or in the same series of acts or transactions. <u>Jiminez</u>, <u>supra</u>, 513 F.3d at 82, 83. Such a transactional nexus exists in this case because all four of the counts of the superseding indictment arise from the same series of acts or transactions.

As discussed, Count One of the superseding indictment alleges that DeRosa, Staph and two other individuals were involved in a scheme to defraud First Commonwealth Bank which involved the sale of certain properties owned by DeRosa, or family members or friends of DeRosa, to AHLC, at inflated prices with kickbacks then going to DeRosa. As part of that scheme, AHLC applied for a loan from First Commonwealth Bank to purchase the properties in question, and that the loan was granted, in part, based upon Staph's fraudulent appraisals.

Counts Two and Three of the superseding indictment charge DeRosa with mail fraud and allege that he, along with two other individuals who also were involved in the bank fraud charged at Count One, devised a scheme to defraud AHLC based essentially on the same conduct underlying the bank fraud charge at Count One, namely the sale of properties owned by DeRosa and his family and friends at inflated prices to AHLC, with kickbacks going to DeRosa. Count Four charges DeRosa with conspiracy to commit money

14

laundering by conducting financial transactions involving the proceeds of specified unlawful activity, including kickbacks from the bank fraud scheme charged at Count One and the mail fraud scheme charged at Counts Two and Three.

The court is satisfied that the conduct charged in each of the counts is sufficiently related to constitute the "same series of acts or transactions." Because Staph is alleged to have participated in that conduct as set forth in Count One, he properly was joined with DeRosa, even though Staph is not named in the other counts. Fed. R. Crim. P. 8(b).

Staph also contends that even if joinder is proper under Rule 8(b), he is entitled to severance under Rule 14(a) because he will suffer prejudice from being tried with more culpable defendants charged with crimes bearing no relationship to him.

Relief from prejudicial joinder is authorized pursuant to Fed. R. Crim. P. 14(a), which provides in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14(a).

The foregoing rule and the jurisprudence developed thereunder reflect "a preference in the federal system for joint trials of defendants who are indicted together, because joint trials promote

15

efficiency and serve the interest of justice by avoiding the scandal and the inequity of inconsistent verdicts." United States v. Balter, 91 F.3d 427, 432 (3d Cir. 1996) (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993) (internal citations omitted).

In light of this preference for joint trials, severance under Rule 14 is to be granted "only if there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 538-39; see also Balter, 91 F.3d at 432; United States v. Voigt, 89 F.3d 1050, 1094 (3d Cir. 1996).

A defendant seeking relief under Rule 14 has the burden to demonstrate that the failure to grant a severance will result in "real not fanciful" prejudice. United States v. Segal, 534 F.2d 578, 583 (3d Cir. 1976). Thus, the introduction of evidence more damaging to one defendant than another does not entitle the seemingly less culpable defendant to severance; rather, the inquiry is whether the jury can reasonably be expected to compartmentalize the evidence against each defendant. United States v. McGlory, 968 F.2d 309 (3d Cir. 1992).

Similarly, establishing the mere possibility that evidence may be admitted against one defendant which would be inadmissible against another falls short of the required showing because the

16

potential for certain evidence to be admitted against one defendant and not another is a feature common in all joint trials. United States v. Kenny, 462 F.2d 1205, 1218 (3d Cir.), cert. denied, 409 U.S. 914 (1972).

Here, Staph has not demonstrated clear and substantial prejudice sufficient to justify severance under Rule 14(a), as he has not identified any concrete impediment which would inhibit the jury from compartmentalizing the evidence admitted against each defendant where such a distinction is necessary. In the absence of evidence that a jury will not be able to compartmentalize the evidence against each defendant from the evidence against the other, Staph cannot meet his burden of showing a risk of clear and substantial prejudice. Moreover, any danger that the jury might confuse evidence relating to one defendant but not the other can be prevented with a proper instruction that the jury must give separate consideration to the evidence against each defendant. Zafiro, 506 U.S. at 539 (recognizing that limiting instructions often suffice to cure any risk of prejudice). Accordingly, Staph's motion for severance will be denied.


2)   **DeRosa's Motion to Dismiss, Sever or Bifurcate (Doc. # 64)**

DeRosa has filed a motion to dismiss Count Four of the superseding indictment which charges him with conspiracy to commit money laundering. DeRosa alleges that Count Four is duplicitous

17

because it charges two separate money laundering conspiracies: (1) an agreement between DeRosa and two other individuals to launder a kickback from proceeds of the bank and mail fraud schemes charged in Count One-Three; and, (2) a separate and distinct agreement between DeRosa, one of the individuals involved in the first agreement, and two new participants involving funds obtained via a different scheme for the purpose of paying "hush money" related to acts of "political corruption."

Count Four of the Indictment charges DeRosa with a conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h). ¶ 40 alleges that DeRosa knowingly conspired with two other individuals known to the grand jury to commit the offense of money laundering. ¶ 41 sets forth the manner and means of the conspiracy. Specifically, it alleges that members of the conspiracy, including DeRosa, knowingly conducted financial transactions involving the proceeds of specified unlawful activity in order to conceal and disguise the nature, location, source, ownership and control of the proceeds of the unlawful activity. Subparagraphs (a) through (d) of ¶ 41 set forth specific financial transactions involving the proceeds of the unlawful activity.

DeRosa contends that Count Four is duplicitous because subparagraphs (c) and (d) allege financial transactions wholly independent of the proceeds arising from the unlawful activity charged in Counts One through Three of the superseding indictment

and subparagraphs (a) and (b) of ¶ 41, and, therefore constitute an entirely separate money laundering conspiracy.

As already discussed, duplicity is the improper joining of distinct and separate offenses in a single count. <u>Rigas</u>, 605 F.3d 194 at 210 (3d Cir. 2010). Here, however, Count Four charges only one crime, conspiracy to commit money laundering, with the objective to conceal financial transactions involving the proceeds of unlawful activity. The financial transactions set forth in the subparagraphs of ¶ 41 all were part of the same conspiracy to launder money, even if they did not relate to the same unlawful activity. Under these circumstances, Count Four is not duplicitous. <u>See</u>, <u>e.g.</u>, <u>United States v. Rodriguez</u>, 54 Fed. Appx. 739 (3d Cir. 2002)(an allegation in a single count of a conspiracy to commit several crimes is not duplicitous; rather, the conspiracy is one crime, however diverse its objectives). Accordingly, DeRosa's motion to dismiss Count Four for duplicity will be denied.

In the alternative, DeRosa argues that the allegations set forth in subparagraphs (c) and (d) were improperly joined and requests severance of those subparagraphs from the rest of the superseding indictment. This argument is without merit in light of the court's finding that the allegations set forth in those subparagraphs were part of a single conspiracy.

To the extent DeRosa's motion can be construed to request

19

severance of Count Four in its entirety from Counts One through Three, that argument likewise is without merit, as the government alleges that much of the money laundering charged at Count Four stemmed from the unlawful activity charged at Counts One through Three. The counts therefore properly were joined under Fed. R. Crim. P. 8(a)[4] as the offenses charged are connected with or constitute parts of a common scheme or plan.

Finally, the court finds DeRosa has failed to establish prejudice which would permit severance of subparagraphs (c) and (d) of ¶ 41 for prejudicial joinder under Rule 14(a) . Initially, Rule 14(a) permits the court to order separate trials of counts, it does not authorize the court to split counts into separate parts and try them separately. Similarly, DeRosa has not pointed to any authority which would permit a bifurcated trial of part of Count Four from the trial of the rest of the counts, and the court finds that bifurcation would be wholly inappropriate.

Moreover, like Staph, DeRosa has not demonstrated clear and substantial prejudice arising from the joinder of Count Four, in whole or in part, sufficient to justify severance under Rule 14(a) . In cases where "evidence of each of the joined offenses would be admissible in a separate trial for the other", concerns

---

[4] Rule 8(a) provides that an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

about cumulation of evidence and inference of a criminal disposition are "largely absent." United States v. Dileo, 859 F. Supp. 940, 944 (W.D. Pa. 1994). In this case, evidence pertaining to each set of counts likely would be admissible as to the other set under Fed.R.Evid. 404(b). Furthermore, as in Dileo, DeRosa "is represented by experienced counsel, and the risk of confusion is virtually non-existent." Id. Finally, the danger that the jury might confuse the different counts can be prevented with a proper instruction that the jury must give separate consideration to each separate charge. Zafiro, 506 U.S. at 539 (limiting instructions often suffice to cure any risk of prejudice).

Accordingly, for all of the foregoing reasons, the court will deny DeRosa's motion to dismiss, or in the alternative, to sever or bifurcate.

### 3) **DeRosa's Motion to Compel 404(b) Notice (Doc. # 63)**

DeRosa has filed a motion to compel the government to provide written notice of uncharged misconduct evidence pursuant to Fed. R. Evid. 404(b).[5] Staph has joined in the motion.

In response, the government indicates that it does not intend to seek admission of evidence under Rule 404(b). However, the

---

[5] Fed. R. Evid. 404(b) permits the admission of evidence of other crimes, wrongs or acts for certain enumerated purposes, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.

21

government has placed defendant on general notice that it will introduce evidence through witness testimony regarding "other fraud schemes, many of which have a political corruption component," and that the "actual details of the criminal activity" are contained in the statements of the cooperating witnesses, which it will disclose "well in advance" of trial.

Accordingly, the court will grant defendant's motion and will encourage the government to disclose the relevant witness statements, as well as all other Jencks Act materials[6], as early as possible.

### 4)    Staph's Motion for Discovery (Doc. # 68)

Staph has filed a discovery motion, joined by DeRosa, requesting a number of materials related to the defendant's expert appraiser, Richard Barone. These materials include Barone's contract with the Department of Justice and/or Department of Housing and Urban Development to perform a review and appraisal, records of payments to the expert for those services, and the underlying work-papers and data relied upon in the review and

---

[6]    The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). There is no authority by which courts can order the government to provide Jencks Act statements prior to the time a witness has testified on direct examination at trial; however, the court will encourage the government to adhere to its intent to do so in advance of trial.

appraisal, to include, inter alia, the papers and portions of Barone's report authored by another appraiser, Kathy Cinker.

In response, the government indicates that, "if the material exists," it "does not anticipate having any objection to providing" it. Accordingly, defendant's motion will be granted, and the government shall disclose it to the defendants forthwith.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: July 21, 2010

cc: Brendan T. Conway
Assistant U.S. Attorney

Thomas J. Farrell
Farrell & Reisinger LLC
200 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219

Efrem M. Grail, Esq.
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716

AO 72
(Rev. 8/82)